IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN E. CHEN, :
:
Petitioner :
:
v. : CIVIL NO. 4:CV-13-2093
:
DONNA ZICKEFOOSE, WARDEN, : (Judge Brann)
:
Respondent :

**MEMORANDUM**

October 10, 2013

**Background**

John E. Chen, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood) filed this pro se "motion for writ of habeas corpus" pursuant to 28 U.S.C. § 2241. Doc. 1, p. 1. Named as Respondent is USP-Allenwood Warden Donna Zickefoose. Petitioner has also filed a request for leave to proceed in forma pauperis. See Doc. 5.

Petitioner will be granted leave to proceed in forma pauperis for the sole purpose of the filing of this matter. However, Chen's petition will be denied without prejudice to any right he may have to reassert his present claims in a properly filed civil rights complaint.

1

According to his Petition, Chen entered a guilty plea in the United States District Court for the Southern District of New York to two (2) counts of conspiracy to commit mail fraud and one (1) count of aggravated mail fraud. As a result of his plea, Petitioner was sentenced to an eighty-nine (89) month term of imprisonment.

Chen states that he was transferred from the Metropolitan Detention Center, Brooklyn, New York (MDC-Brooklyn) to USP-Allenwood on January 31, 2013. His Petition notes that the Bureau of Prisons (BOP) provides prisoners with the ability to communicate with their family, friends, and legal counsel via e mail at a cost of five cents per minute. See Doc. 1, p. 1.

Petitioner who describes himself as being of Chinese descent with Chinese being his first language, claims that he used this e mail service following his arrival at USP-Allenwood. However, after asking USP-Allenwood Special Investigative Agent (SIA) Heath and the Warden about delays in his e mail service, his e mail privileges were suspended. Petitioner alleges that the implementation of the e mail restriction in March, 2013 was retaliatory and its ongoing imposition does not comply with BOP regulations.

Chen further claims that he improperly placed on the prison's mail monitoring list which resulted in the special screening of his incoming and

outgoing mail by an SIA. Since some of Petitioner's letters are written in Chinese there is an additional delay because those letters must be sent to a contract company for translation. The Petition contends that there is no legitimate justification for the extra screening of Chen's mail.

As relief, Petitioner requests that this Court issue a temporary injunction which reinstates his e mail privileges and removes his name from the prison's mail monitoring list.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). See Patton v. Fenton, 491 F. Supp. 156, 158-159 (M.D. Pa. 1979). The Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules.); Mutope v. Pennsylvania Board of Probation and Parole, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.).

Rule 4 states in relevant part that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the

petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." Recognizing the observation in Woodall that the precise meaning of execution of sentence is hazy, it has been similarly held that to "the extent that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action." Hairston v. Grondolsky, 2008 WL 618805, *2 (D.N.J. March 3, 2008).

Petitioner previously filed a similar, if not identical, habeas corpus action, Chen v. Zickefoose, Civil No. 4:13-CV-1996, with this Court. On July 26, 2013,

4

Petitioner's earlier action was dismissed without prejudice to any right Chen may have to reassert his claims in a properly filed civil rights complaint.

From a careful review of Chen's pending petition, it is clear that once again he does not claim entitlement to speedier or immediate release from custody nor does he challenge the legality of his present incarceration. Moreover, Petitioner does not raise a claim related to the execution of his sentence as contemplated in Woodall.

Rather, as was the case with his earlier action, Chen seeks injunctive relief relating to the conditions of his confinement, specifically, that prison officials be directed to restore his e mail privileges and remove him from the prison's mail monitoring list.

Chen's latest habeas action similarly does not allege that the purportedly improper actions taken by BOP officials included a loss of good time credits or otherwise extended the length of Chen's confinement. Since the alleged deprivation of e mail access and mail monitoring did not adversely affect the fact or duration of Petitioner's incarceration, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

As was the case with his prior action, Chen's petition will be dismissed

without prejudice to any right the Petitioner may have to reassert his present claims in a properly filed civil rights suit.[1]  See David v. United States, Civ. A. No. 3:CV-99-0836, slip op. at 5 (June 17, 1999 M.D. Pa.) (Munley, J.); Wool v. York County Prison, Civ. A. No. 4:CV-98-0138, slip op. at 2-3 (M.D. Pa. January 30, 1998) (McClure, J.); and Hewlett v. Holland, Civ. A. No. 3:CV-96-1075, slip op. at 9 (July 2, 1997 M.D. Pa.) (Nealon, J.) (a petitioner cannot elude more onerous filing fee requirements, and his claims will be dismissed, without prejudice, when they are not habeas corpus claims).  An appropriate Order will enter.[2]

                          BY THE COURT:

                          s/Matthew W. Brann
                          Matthew W. Brann
                          United States District Judge

---

[1] Attached to this Memorandum and Order is a form civil rights complaint which this Court routinely provides to pro se litigants.

[2] This Court expresses no opinion as to the merits, if any, of any civil rights claim Chen may file based upon the facts asserted herein.